IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 04-10013-T-An |
| ) | |
| MATTHEW C. WHITLEY, ) | |
| ) | |
| Defendant. ) | |

ORDER DENYING MOTION TO CORRECT SENTENCE

Defendant Matthew C. Whitley has filed a *pro se* motion to correct the sentence that was imposed upon him, pursuant to Fed. R. Crim. P. 35. Defendant contends that the court should have sentenced him to three years supervised release, as opposed to two years supervised release.[1] Defendant's motion is DENIED for several reasons.

First, Defendant is represented by counsel, and, therefore, must have his attorney file any motions. See Green v. Dorrell, 969 F.2d 915 (10th Cir. 1992).

Next, Rule 35 is not applicable to Defendant's case. The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a federal sentence. See e.g., Fed. R. Crim. P. 35 (district court may correct illegally imposed sentence only within seven days after imposition of sentence); 18 U.S.C. § 3582(c)(limiting sentence reduction motions to

---

[1] On April 6, 2005, Defendant was sentenced to six months in custody with credit for time served and two years supervised release.

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 11/4/05

motions by the government or by the defendant when based on a retroactive amendment of the Sentencing Guidelines that reduces a sentencing range).

Defendant is actually complaining about the validity of the sentence as calculated by this court. For federal prisoners seeking to attack the validity of a conviction or sentence, the only remedy is through a motion to vacate under 28 U.S.C. § 2255. In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997); United States v. Sarduy, 838 F.2d 157, 158 (6th Cir. 1988)(challenge to proper sentence calculation should be brought under § 2255, not Rules 32 or 35). Defendant contends that the court erred in imposing his sentence; the motion, therefore, seeks relief that is only available under § 2255.

Finally, in arriving at the sentence that was imposed, the court reduced Defendant's sentence pursuant to the safety valve provision of USSG § 5C1.2. Application Note 2 of USSG § 5D1.2 provides that a defendant who qualifies under § 5C1.2 "is not subject to any statutory minimum sentence of supervised release." See 18 U.S.C. § 3553(f).

Accordingly, Defendant's sentence was not imposed in error, and the motion to correct the sentence is DENIED.

IT IS SO ORDERED.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

3 November 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 102 in case 1:04-CR-10013 was distributed by fax, mail, or direct printing on November 4, 2005 to the parties listed.

Richard L. Finney
HARDEE MARTIN DAUSTER & DONAHOE
213 E. Lafayette
Jackson, TN 38301

Jerry R. Kitchen
U.S. ATTORNEY
109 S. Highland Ave.
Jackson, TN 38301

Honorable James Todd
US DISTRICT COURT